NO. 07-10-0453-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 13, 2011
_____

RAMIRO CHAVIRA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4666; HONORABLE FELIX KLEIN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Ramiro Chavira was convicted of attempted capital murder and sentenced to life imprisonment. The event involved his obtaining the shotgun of a local police chief after being arrested and placed in the chief's vehicle. Appellant then exited from the vehicle, pointed the weapon at the chief, and pulled the trigger. For some unknown reason, the gun failed to discharge. Whether a round was chambered at the time was, and

_____

[1]John T. Boyd, Senior Justice, sitting by assignment.

remains, unknown. Nonetheless, after the misfire, appellant undertook effort to insert a shotgun shell into the firing chamber of the weapon after the apparent misfire and told the chief that he would kill him (*i.e.* the chief) if the chief did not drop his firearm. The chief then shot appellant in the leg to end the incident.

Through one issue, appellant contends that the trial court erred in denying him an instruction on the purportedly lesser-included offense of deadly conduct. We disagree, overrule the issue, and affirm the judgment.

A person is entitled to an instruction on a lesser-included offense if 1) the elements of the lesser offense are included within the proof necessary to establish the greater offense and 2) some evidence appears of record that would permit a jury to rationally conclude that if appellant is guilty of anything, it is *only* of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). Next, a person attempts to commit an offense under the Penal Code if, with the specific intent to commit the offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *See* TEX. PENAL CODE ANN. §15.01(a) (Vernon 2011). And, as previously stated, appellant was charged with attempted capital murder. That is, he was accused of attempting to intentionally and knowingly cause the death of a law enforcement officer. *See* TEX. PENAL CODE ANN. §19.02(b) (1) (Vernon 2011) (stating that a person commits murder if he intentionally or knowingly causes the death of an individual); *see also* TEX. PENAL CODE ANN. § 19.03(a) (1) (Vernon 2011) (defining capital murder as including the murder of a law enforcement officer when acting as such). Finally, a person commits deadly conduct "if he recklessly

2

engages in conduct that places another in imminent danger of serious bodily injury." *Id.* §22.05(a). With this in mind, we turn to the argument before us.

Appellant supported his contention with little explanation. The latter's sum and substance consisted of the statements that 1) "undisputed testimony . . . from Ranger… Miller was that the shotgun was functioning normal [sic] as he found nothing wrong with the gun," 2) the Ranger "further was of the opinion that if Appellant pulled the trigger in the firing position, it would have discharged," 3) "[t]his was sufficient evidence to authorize the allowance of a lesser included offense of deadly conduct," and 4) "[a]ppellant was entitled to a lesser included instruction of deadly conduct since there was no physical injury." From those utterances, we conclude that appellant presents us with a two-pronged attack. That is, he believes himself entitled to the instruction because 1) the officer was not injured, and 2) he did not pull the trigger but merely sought to place the chief in fear of imminent bodily harm. Neither reach the desired result, however.

For instance, attempted capital murder connotes, among other things, the absence of a completed murder. In other words, the intended victim was not killed. Yet, we are cited to no authority specifying injury (as opposed to death) as an element of attempted murder. Nor is it our job to write such an element into the statute. Moreover, if appellant had fired the shotgun and completely missed his intended target, it would be illogical to insulate him from being convicted of trying to kill the chief but failing to kill him (*i.e.* attempted murder) because he did not hurt him. The particular crime arises from acts undertaken with a specific intent but failing to achieve the intended result. So, even if no one was hurt, appellant remained subject to conviction

3

for attempted capital murder.  This means, in turn, that the lesser offense was not the *only one* for which he could have been convicted.

As for the suggestion that evidence illustrated appellant failed to pull the trigger, that too is of no consequence.  The record contains uncontradicted evidence establishing that appellant obtained a shotgun after being arrested, aimed it at the police chief, chambered a shell into its firing mechanism, and orally expressed his intent to kill the chief before being subdued for a second time.  We cannot say that simply because appellant's expressed intent went unfulfilled (due to intervening acts of the chief) a rational jury would be prevented from concluding beyond reasonable doubt that appellant undertook acts constituting more than mere preparation to kill the chief while specifically intending to kill him.  *See Godsey v. State,* 719 S.W.2d 578, 584-85 (Tex. Crim. App. 1986) (refusing to instruct on the lesser offense of reckless conduct because the following acts evinced nothing less than an intent to kill, as opposed to an intent to threaten:  1) the defendant came outside with a loaded gun stuck in his waistband, 2) the defendant ignored the officers' orders to put the gun down while those officers were pointing their guns at him, 3) appellant swung the gun in an arc, leveled it, and pointed it at the officers, and 4) one officer shot him first).

Accordingly, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.


4